## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GSD ASSOCIATES, LLC, | Civil Action No. _____ |
| Plaintiff, | |
| v. | |
| PLANK ROAD REALTY, LLC | |
| Defendant. | |

## COMPLAINT AND JURY DEMAND

The plaintiff, GSD Associates, LLC ("GSD"), by its attorneys, Donovan Hatem LLP, brings this action for copyright infringement against Plank Road Realty, LLC ("Plank"). For its Complaint, GSD alleges knowledge with respect to its own acts and the acts of its officers, and otherwise on information and belief alleges as follows:

### Parties

1. Plaintiff, GSD Associates, LLC is a Massachusetts corporation with an address at 148 Main Street, Building A, North Andover, MA 01845.

2. Defendant, Plank Road Realty, LLC is a Massachusetts corporation with an address at 98 Elm Street, Salisbury, MA 01952.

3. Plank Road Realty, LLC is in the business of developing and selling real estate in the Commonwealth of Massachusetts and is regularly and consistently engaging in business in Massachusetts.

4. The registered agent for Plank Road Realty, LLC is Karen J. Chandler, 98 Elm Street, Salisbury, MA 01952.

## Jurisdiction and Venue

5. This case arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over the Defendant because it is (1) domiciled within the Commonwealth of Massachusetts, (2) has an interest in real property located in the Commonwealth, (3) has performed acts in the Commonwealth giving rise to this lawsuit, and/or (4) has regularly and persistently conducted business in the Commonwealth of Massachusetts, *inter alia*, holding business licenses within the Commonwealth, partnering with other businesses with the Commonwealth, and/or regularly deriving substantial revenue from the Commonwealth.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(a).

## Facts

8. In September 2003, Defendant Plank hired the architectural firm GSD to prepare original architectural designs ("GSD Instruments of Service") for a building development, Atlantic Breeze Phase II in Salisbury, Massachusetts ("Project"). An abridged copy of GSD's Instruments of Services are attached as **Exhibit 1**.

9. GSD and Defendant Plank executed an agreement on September 18, 2003 whereby GSD agreed to provide planning and design services to Defendant Plank under certain terms and conditions ("Agreement").

10. The Agreement explicitly delineated the terms under which GSD would prepare its Instruments of Service.

11. As published in the Agreement, GSD advised Defendant Plank, and Defendant Plank agreed, that GSD retained all rights in its Instruments of Service specifically, all common law and statutory rights, including copyright ("GSD Copyright").

12. GSD has filed for copyrights with the United States Copyright Office.

13. In particular, GSD has filed for copyrights for Atlantic Breeze Condominium II, Type A Buildings, Case No. 1-281058266, and for Atlantic Breeze, Tech. Type A, Case No. 1-281270823.

14. GSD has also filed for copyrights for Atlantic Breeze Condominium II, Type D Buildings, Case No. 1-281142516, and for Atlantic Breeze, Tech. Type D, Case No. 1-281271191.

15. A true and accurate copy of the filings in relation to this Project taken from the United States Copyright website, are attached as **Exhibit 2.**

16. Accordingly, Defendant Plank has no independent rights to GSD's Instruments of Service.

17. The Agreement also specified that Defendant Plank had only a limited license to reproduce GSD's Instruments of Service for purposes of constructing, using, and maintaining the Project. This license was subject to Defendant Plank "comply[ing] with all obligations, including prompt payment of all sums when due, under this Agreement."

3

18. The Agreement further stated that Defendant Plank "shall not use the Instruments of Service for future additions or alterations to this Project or for other projects, unless [Defendant Plank] obtain[ed] the prior written agreement of [GSD] and [GSD's] consultants."

19. In August, 2007, Defendant Plank stopped making payments for GSD's services on the Project.

20. Despite repeated demands from GSD, Defendant Plank continued to refuse to pay GSD for its services.

21. Defendant Plank decided to continue to use GSD's Instruments of Service to build additions and/or alterations to the Project without GSD's participation or consent, and in violation of the Agreement ("Atlantic Breeze Additions").

22. Despite demand, Defendant Plank has refused to make payment to GSD for services rendered, and as called for under the Agreement.

23. On April 1, 2009, GSD expressly advised Defendant Plank that GSD was not relinquishing its ownership or copyright in its Instruments of Service, and that any permission Defendant Plank had to use GSD's Instruments of Services was revoked. A copy of the April 1, 2009 letter is attached as **Exhibit 3.**

24. GSD informed Defendant Plank that it was in material breach of the Agreement and demanded Plank to return GSD's Instruments of Service. See **Exhibit 3**.

25. Despite this notification, Defendant Plank continued to use GSD's Instruments of Service for the Atlantic Breeze Additions.

26. On April 21, 2009, GSD notified the current Building Inspector of the Town of Salisbury, that GSD was revoking Defendant Plank's ability to use its Instruments

of Service and requested that the Building Inspector to void the building permit for the building not yet completed as well as any future buildings that were planned for construction. A copy of the April 21, 2009 letter is attached as **Exhibit 4**.

27. Acting either individually or in concert, the Defendant Plank shortly thereafter moved to have the building permit reissued. A copy of the Reissued Building Permit is attached as **Exhibit 5**.

28. On October 14, 2009, construction resumed and Defendant Plank continued to use GSD's Instruments of Service or a portion of GSD's Instruments of Service for the Atlantic Breeze Additions.

29. On November 17, 2009, GSD prepared another letter to the Town of Salisbury Building Inspector notifying him that GSD was no longer involved in the Project, and that the construction was moving forward using GSD's copyrighted Instruments of Service without its consent. A copy of the November 17, 2009 letter is attached as **Exhibit 6**.

30. In this letter, GSD notified the Building Inspector that the use of GSD's Instruments of Service was in violation of the Agreement. See **Exhibit 6**.

31. GSD also notified the Building Inspector that the Massachusetts Building Code had since changed and its Instruments of Service would not be considered in compliance with the current building code. See **Exhibit 6**.

32. There was no response to any of GSD's letters, and Defendant Plank continued to use GSD's Instruments of Service or portions of GSD's Instruments of Service for the Atlantic Breeze Additions.

33. Acting either individually or in concert, Defendant Plank produced marketing materials or ordered the production of marketing materials, a true and accurate copy of materials taken from the web page for the Project, http://www.atlanticbreezeliving.com, is attached as **Exhibit 7** (the "Atlantic Breeze Marketing Materials").

34. The Atlantic Breeze Marketing Materials include a copy of the GSD Instruments of Service and/or a portion of the GSD Instruments of Service. See **Exhibit 7**

35. Acting either individually or in concert, Defendant Plank distributed copies of the Atlantic Breeze Marketing Materials to the public.

36. Acting either individually or in concert, Defendant Plank distributed copies of GSD's Instruments of Service or portions of GSD's Instruments of Service to the public.

37. Acting either individually or in concert, Defendant Plank constructed, ordered the construction of, authorized the construction of, or permitted the construction of the Atlantic Breeze Additions in Salisbury, Massachusetts which embodied the GSD Instruments of Service and/or Altantic Breeze Marketing Materials.

38. Acting either individually or in concert, Defendant Plank publically displayed the Atlantic Breeze Additions embodying the GSD Instruments of Services and/or Atlantic Breeze Marketing Materials.

39. On February 4, 2010, attorneys for GSD sent a letter to Defendant Plank informing them of infringment of the GSD Copyright.

40. Despite this letter, Defendant Plank is proceeding to make the Atlantic Breeze Additions embodying the GSD Instruments of Service and/or Atlantic Breeze Marketing Materials available for sale. See **Exhibit 7**

## COUNT I
### Copyright Infringement Against Defendant Plank Road Realty, LLC

41. The allegations of paragraph 1 through 40 are incorporated by reference into Count I as though fully set forth herein.

42. The Defendant Plank knowingly, willfully, and in bad faith infringed or caused the infringement of the GSD Copyright.

43. At least Defendant Plank had knowledge to the existence of the GSD Copyright prior to constructing the Atlantic Breeze Additions.

44. Defendant Plank knowingly and willfully copied or reproduced GSD's Instruments of Service for the Atlantic Breeze Additions and proceeded with construction without engaging another architectural firm and in disregard of the changes to the Massachusetts Building Code.

45. The Instruments of Services utilized to design the Atlantic Breeze Additions are substantially similar to the GSD Instruments of Services.

46. The Instruments of Services utilized to design the Atlantic Breeze Additions are a derivative work of the GSD Instruments of Service.

47. The Instruments of Services utilized to design the Atlantic Breeze Additions contain elements that were copied or derived from original elements contained in the GSD Instruments of Service.

48. The Atlantic Breeze Marketing Materials contain architectural designs that are substantially similar to the architectural designs of the copyrighted GSD Instruments of Service.

49. The Atlantic Breeze Marketing Materials are a derivative work of the copyrighted GSD Instruments of Service.

50. Prior to distributing the Atlantic Breeze Marketing Materials, the Defendant Plank knew that the architectural designs depicted in the Atlantic Breeze Marketing Materials were the same as, or substantially similar to, the GSD Instruments of Service.

51. The Atlantic Breeze Additions have the same, or substantially similar, architectural designs as those of the copyrighted GSD Instruments of Service.

52. The Atlantic Breeze Additions are a copy or a derivative work of the copyrighted GSD Instruments of Service.

53. The Atlantic Breeze Additions have the same or substantially similar architectural design to the architectural design of the buildings and units that make up the Project.

54. Before the construction of the Atlantic Breeze Additions, the Defendant Plank knew that the architectural design of the Atlantic Breeze Additions as the building and units that make up the Project.

55. The Defendant Plank did not have the consent or permission from GSD to use or copy the GSD Instruments of Service or to create any derivative works from the GSD Instruments of Service.

56. The Defendant Plank did not have the consent or permission from GSD to construct or to have constructed buildings embodying the GSD Instruments of Service or to construct or to have constructed buildings embodying a derivative work of the GSD Instruments of Service.

57. The Defendant Plank knowingly, willfully, and in bad faith directly, vicariously, or contributorily caused infringement of the GSD Copyright.

58. The Defendant Plank has reproduced the GSD Instruments of Service, prepared derivative works of the GSD Instruments of Service, and/or distributed copies or derivative works of the GSD Instruments of Service, and thereby have infringed the GSD Copyright.

59. The Defendant Plank has publically distributed the GSD Instruments of Service, and thereby the Defendant Plank has infringed the GSD Copyright.

60. The Defendant Plank has constructed, ordered, permitted, or authorized the construction of buildings embodying the GSD Instruments of Service and/or Atlantic Breeze Marketing Materials, and thereby the Defendant Plank has infringed the GSD Copyright.

61. The Defendant Plank has sold or offered for sale buildings embodying the GSD Instruments of Service and/or the Atlantic Breeze Marketing Materials, and thereby the Defendants have infringed the GSD Copyright.

62. The Defendant Plank has continued to construct, display, market, and sell buildings using architectural designs substantially similar to the designs of the GSD Copyright, and thereby Defendant Plank has continued to infringe the GSD Copyright.

63. By their wrongful conduct, the Defendant Plank has infringed and will continue to infringe the GSD Copyright, thereby causing damage to GSD.

## COUNT II
## **BREACH OF CONTRACT**

64. GSD repeats and realleges the allegations of paragraphs 1 through 62 of the Complaint as if expressly set forth herein.

65. As a result of Defendant Plank's undisputed material breaches of the written contracts and other obligations, Defendant Plank is liable to GSD for $10,434.75, plus increases pursuant to the agreement including but not limited to accruing interest, reasonable attorneys' fees and costs.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(a) Granting GSD Associates, LLC its actual damages, profits of the Defendants, and/or statutory damages pursuant to 17 U.S.C. § 504, plus costs, interest, and attorneys' fees in accordance with 17 U.S.C. § 505;

(b) Granting GSD Associates, LLC injunctive relief preventing and restraining the Defendant from continuing to infringe the copyrights of GSD Associates, LLC in accordance with 17 U.S.C. § 502 including, but not limited to, enjoining the Defendant from further construction and/or sales of buildings, additions, and/or alterations to the Project infringing the copyrights of GSD Associates, LLC;

(c) Ordering the impoundment and destruction of all copies and derivative works made or used in violation of GSD Associates, LLC's exclusive copyright rights; and,

(d) Granting GSD Associates, LLC such other relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

GSD Associates, LLC demands a trial by jury on all issues so triable.

Respectfully submitted,<br>
**GSD ASSOCIATES, LLC**<br>
By its attorneys,<br><br>

/s/ John W. Dennehy<br>
John W. Dennehy, BBO No. 658247<br>
Sa'adiyah K. Masoud, BBO No. 659078<br>
DONOVAN HATEM LLP<br>
Two Seaport Lane<br>
Boston, MA  02210<br>
(617) 406-4500

Dated: June __, 2010

## CERTIFICATE OF SERVICE

I certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), this ___ day of June, 2010.

/s/ John W. Dennehy<br>
John W. Dennehy

01292079.DOC